## SUPREME COURT.

THE PEOPLE ex rel. GALE agt. THE TRUSTEES OF SCHOOL DISTRICT
No. 13, in Busti and Harmony.

Where a school district officer makes out an account of costs, charges and ex-
penses, as provided by the second section of chapter 172 of the laws of 1847,
and serves a copy thereof and notice of application to the board of super-
visors, as provided in that section, it is not necessary that such account
should be submitted to the taxable inhabitants of the district previous to its
being laid before the board of supervisors for their action.

Neither is it necessary that a majority of the taxable inhabitants previous to
the action of the board of supervisors thereon, should determine that the
amount of such costs, charges and expenses should be ascertained by said
board.

Section 1 of said act, as amended by chapter 388 of the laws of 1847, is intended
to apply to costs, &c., which a majority of the taxable inhabitants are will-
ing to pay, and enables the district to levy and collect the tax.

The other sections apply to costs, &c., which the district ought to pay, but
are unwilling to do so, and will not pay except upon compulsion.

*Chatauque Special Term, September* 1852, The relator in
this case was the collector of the district, and as such had been
sued in three several actions, and incurred costs, charges and
expenses, which he had paid; and in order to reimburse himself
had made out an account of such charges, costs and expenses, so
paid by him, with the items, and verified the same, and served a
copy of such account and notice of his application to the board
of supervisors of Chatauque county, for an order requiring the
payment of such costs, charges and expenses, upon the trustees
of said district. The trustees neglected to appear in pursuance
of such notice, and the board of supervisors made an order re-
quiring the payment of such account.

The trustees having neglected to issue their warrant for the
collection of said account, the relator applied to the Supreme
Court for a mandamus to compel the trustees to issue such warrant.

A mandamus was issued in pursuance of such order and served
on the trustees, who made a return thereto, in which they insist
that the order of the board of supervisors was made without
authority of law, on the ground that such account had not been

submitted to the taxable inhabitants of the district previous to its being laid before the board of supervisors for their action; nor had a majority of said taxable inhabitants previous to the action of the said board thereon, determined that the actual amount of said costs, charges and expenses of the said Seymour Gale in defending the said three several suits mentioned in the order, should be *ascertained by the said board.*

The relator demurred to the return.    1st.  Because it was not necessary that such account should be submitted to the taxable inhabitants of the district previous to its being laid before the board of supervisors, nor that a majority of the taxable inhabitants of the district previous to the action of the board thereon, should determine that the actual amount of said costs, charges and expenses should be *ascertained by the board.*

2d.  Because it does not appear that the trustees raised such objection before the board of supervisors at the time of the hearing before them.

AUSTIN SMITH, *for Plaintiff.*

ABNER HAZELTON, *for Defendants.*

TAGGART, Justice.—This case involves the construction of chapter 172 of the laws of 1847, entitled " An act in relation to *suits against District School Officers,* as amended by chapter 388 of the laws of 1849."    Section 1 of said act, as amended, provides that, " whenever a suit shall have been commenced, or shall hereafter be commenced against the trustees of a school district, in consequence of acts by them performed in pursuance of the directions of such district, for any act performed by virtue of or under color of their office, and such suit shall have been finally determined, or whenever after the final determination of any suit commenced by or against any trustees or other officers of a school district, a majority of the taxable inhabitants of any school district shall so determine, it shall be the duty of the trustees to ascertain in the *manner hereinafter described* the actual amount of all costs, charges and expenses paid by such officer, and to cause the same to be assessed upon and collected of the taxable inhabitants of said district in the same manner as other taxes of said district are assessed and collected, and when

so collected to pay the same over to the officer by virtue of this act entitled to receive the same."

Section 2 provides that, " whenever any person mentioned in the first section of this act shall have paid any costs, charges or expenses as mentioned in the first section, he shall make out an account of such charges, costs and expenses so paid by him, giving the items thereof, and verify the same by his oath or affirmation; he shall serve a copy of said account so sworn to, upon the trustees of the district against which such claim shall be made; together with a notice in writing that on a certain day therein specified, he will present such account to the board of supervisors of the county in which such school district shall be situated, for settlement at some legal meeting of such board; and it shall be the duty of the officer upon whom such copy, account and notice shall be served, to attend at the time and place in such notice specified, to protect the rights and interests of such district upon such settlement."

Section 3 prescribes that " upon the appearance of the parties, or upon the proof of service of the notice and copy of the account mentioned in the second section of this act, if the said board shall be of opinion that such account, or any portion thereof, ought justly to be paid to the complainant, such board may by an order to be made by a majority of all the members elected to the same and to be entered in its minutes, require such account, or such part thereof as such board shall be of opinion ought justly to be paid to the claimant, by such district to be repaid; but no portion of such account shall be so ordered to be paid which shall appear to said board to have arisen from the willful neglect or misconduct of the claimant. The account, with the oath of the party claiming the same, shall be prima facie evidence of the correctness thereof."

Section 4 provides that " it shall be the duty of the trustees of any school district, within thirty days after service of a copy of such order upon them, to cause the same to be entered at length in the book of records of said district, and to issue to the collector of said district, a warrant for the collection of the amount so directed to be paid, in the same manner and with the like force and effect as upon a tax voted by said district."

Gale agt. Trustees.

There is some difficulty in giving an entirely satisfactory construction to this statute arising from the use of the words " hereinafter described," in the first section, without any subsequent section or provision to which they can refer.  The statute was evidently intended to supply a defect in the existing law.  Previous to the passage of the act in question, school districts had no power to raise money by tax for the payment of costs incurred or paid by any district officer.  It could not vote a tax for any other purpose than those defined by the statute, viz:  " To lay such tax on the taxable inhabitants of the district as the meeting shall deem sufficient to purchase or lease a suitable site for a school house, and to build, lease or purchase such school house and to keep in repair and furnish the same with necessary fuel and appendages."  These powers were somewhat extended by the provisions of chapter 241 of the laws of 1837 and chapter 260 of the laws of 1841.  By the former the inhabitants of school districts were authorized to vote a tax for the purchase of a book for the purpose of recording the proceedings of their respective districts.  By section 14 of the latter, it is provided that " when the trustees of any school district are required or authorized by law or by a vote of the district to incur any expenses for such district, and when any expenses incurred by them are made by express provision of law a charge upon such district, they may raise the amount thereof by law in the same manner as if the definite sum to be raised had been voted at a district meeting.

And by section 30 it is provided that where by reason of inability to collect any tax or bill there shall be a deficiency in the amount raised, the inhabitants of the district in district meeting shall direct the raising of a sufficient sum to supply the deficiency.

But until the passage of the law of 1847, above cited, the district had no power to vote a tax to pay costs, charges or expenses incurred or paid by the officers of the district, or any of them.  Those officers were required to act at their peril and rely upon the voluntary contributions of the inhabitants of the district to indemnify them against law suits to which they might be subjected.

To remedy this evil the law of 1847 was passed, and the first

section provided for a class of cases where the district was not only morally bound but was willing to indemnify its officers for the losses sustained by them. In this class of cases the trustees were authorized whenever a majority of the taxable inhabitants should so determine, to ascertain the actual amount of all costs, charges and expenses paid by such officers, and to cause the same to be assessed upon and collected of the taxable inhabitants of said district in the same manner as other taxes of said district are by law assessed and collected.

There is nothing in the first section, unless we give force to the words " in the manner hereinafter described," which renders it necessary that the applicant should make out his account and serve a copy of it, and have the amount ascertained by the board of supervisors as provided by the second and third sections. Without these words the section furnishes a complete and comprehensible provision within itself without referring to the subsequent sections, or to any other statute.

The remaining sections apply to a different class of cases. They apply to costs incurred by the same officers, and which the district ought to pay, but which it will not pay except upon compulsion. For the purpose of compelling the district to do justice to its officers who have incurred costs, charges and expenses in its behalf, the applicant must make out an account of such costs, charges and expenses so paid by him, giving the items thereof, and verify it by his oath or affirmation. He is to serve a copy of such account together with a notice in writing of his application on the trustees of the district. It is made the duty of the trustees upon whom such copy of account and notice shall be served, to attend at the time and place specified in such notice, to protect the rights and interest of such district in such settlement. The board then examines the account and makes an order directing the payment of the account, or such part thereof as in the opinion of the board ought to be paid by the district. The account with the oath of the party claiming the same, are made prima facie evidence of the correctness of such account. All these provisions appear inconsistent with the idea that the provisions of the second and third sections are merely a continuation of the provisions of the first.

The provisions of the fourth section render such inconsistency still more apparent. By that section it is made the duty of the trustees, within thirty days after service of a copy of such order, to cause the same to be entered at length in the book of records of such district, and to issue to the collector of such district a warrant for the collection of the amount so directed to be paid, in the *same manner and with the like force and effect as upon a tax voted by said district.*

Section 1 directs the trustees to cause the costs, charges and expenses mentioned in that section to be assessed upon and collected of the taxable inhabitants of said district in the *same manner as other taxes of said district are by law assessed and collected.*

If the two provisions refer to the same proceedings, why the difference in language? Nay, why are both phrases inserted at all? The answer is obvious. Section 1 related to a tax actually voted, hence it is to be assessed or collected in the same manner as other taxes; while section 4 provides for a tax not voted, but imposed upon the district by compulsion. It is, therefore, directed to be collected in the same manner and with like force and effect as upon a tax voted by the district. Section 1 directs the assessment and collection of the taxes immediately upon the ascertainment of the amount thereof by the assessors, without any order or further proceeding. It is, therefore, a proceeding entirely independent of the other sections and can be carried into full effect without them.

It results then in this, that the words " hereinafter described," in the first section must have been inserted upon the supposition that some other provision was to be contained in the act in reference to the mode of adjusting the amount, which was not finally inserted, and those words must be stricken out as surplusage. Without adopting this view of the question, the section can not have the effect contemplated and plainly indicated by it

Assuming that I am wrong in this construction of the statute, the only remaining construction the section is capable of receiving makes it necessary to strike out as redundant and inoperative, all that part of section 1 which follows the words " costs, charges and expenses paid by such officer," and then say that the words

"manner hereinafter described," refer to the proceedings to be taken under the second, third and fourth sections, and that no such account can be collected till it has been presented to the district and acted upon by a majority of the taxable inhabitants of such district, either by directing its adjustment or refusing so to direct.

If such construction is correct (which I by no means concede), the relator has still done all the law required of him to do. He has made out and served the account upon the trustees, and it was their duty to present the same at a district meeting for directions, and to adjust the account in accordance with the directions, if any were given. The relator has done all he had it in his power to do. He could not present it to the district, and unless he has a remedy in the mode provided by law he has no remedy at all, and the statute is a dead letter. The trustees are in fault, if either party, and can not be permitted to repeal or nullify the statute by neglecting or refusing to execute its provisions.

Judgment must, therefore, be rendered for plaintiff on demurrer, with leave to defendants to amend on payment of costs.